1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CHRISTIE DIGITAL SYSTEMS USA, INC.; and CHRISTIE DIGITAL SYSTEMS CANADA, INC., | **CASE NO.: CV 09-1097 GAF (AJWx)** |
|---|---|
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| U.S. PHILIPS CORPORATION and DOES 1-10, | |
| Defendants. | |
| U.S. PHILIPS CORPORATION, | |
| Counterclaimant, | |
| v. | |
| CHRISTIE DIGITAL SYSTEMS USA, INC.; and CHRISTIE DIGITAL SYSTEMS CANADA, INC., | |
| Counterclaim Defendants. | |

Based on the stipulation of plaintiffs Christie Digital Systems USA, Inc. and Christie Digital Systems Canada, Inc. (collectively, "Christie") defendant U.S. Philips Corporation ("Philips"), it is hereby ORDERED as follows:

1.      This case concerns patents for technology relating to projector products. The parties assert that documents and things that are being requested in discovery reveal highly sensitive and confidential information that is purposely protected from disclosure to the public and that, if disclosed, would damage the parties.

2.      Therefore, good cause exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this case.

3.      A substantial volume of materials is being sought, and is expected to be sought, in discovery in this action from the parties and third parties that includes confidential and sensitive commercial information. The parties believe that this confidential information includes, but is not limited to, sensitive financial information, including sales information, and sensitive technical information.

4.      The party producing such information (the "Producing Party") would suffer serious competitive harm if the information identified above or other sensitive information were made available to its customers, competitors, or to the public.

5.      The Producing Party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information.

6.      This Protective Order shall govern the handling of documents, tangible objects, materials or things, deposition testimony (if any), deposition exhibits (if any), and all other written, recorded, or graphic matter produced after the date of this Protective Order, whether produced pursuant to any applicable rules, a written discovery request or subpoena, and/or used during the trial or any proceeding in this action ("Covered Material").

7.      In responding to a request for discovery, any party or third party may designate for confidential treatment pursuant to this Protective Order any Covered Material that it considers to contain trade secrets, as defined by California Civil Code § 3426.1, or other sensitive business, commercial, or technical information such as

1

market surveys and technical documentation that is not readily available to the public ("Confidential Material").

8. In responding to a request for discovery, any party or third party may designate for highly confidential treatment pursuant to this Protective Order any Covered Material that it considers to contain trade secrets, as defined by California Civil Code § 3426.1, or other confidential information, such as internal technical specifications, customer lists, and sales information that is entitled to a higher level of protection than Confidential Material due to its commercial sensitivity and the likelihood of harm resulting from its disclosure ("Highly Confidential Material").

9. Confidential Material and Highly Confidential Material shall only be used for purposes of this action and shall not be used in any other litigation, arbitration or administrative or judicial proceeding, or for any other reason, without prior written authorization by the Producing Party or order of the Court.

10. The designation of Covered Material as Confidential Material for purposes of this Protective Order shall be made in the following manner:

   a. In the case of documents or other materials (apart from depositions): by affixing the legend "Confidential" to each page containing any Confidential Material, except that, in the case of Confidential Material produced in electronic format, the "Confidential" legend need only be affixed to the medium (*e.g.*, the disc) which contains the Confidential Material; and

   b. In the case of depositions or other proceedings on the record, excluding trial: (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof (in the interim all deposition transcripts and testimony should be treated as confidential); and in both of the foregoing instances, by directing that the legend "Confidential" be affixed to the first page of the original and all copies of the transcript containing any Confidential Material.

11. Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

    a. The parties, including any of their officers, directors and employees;

    b. Counsel, including outside and in-house counsel, for any of the parties hereto and any persons assisting such counsel in this action;

    c. Experts or consultants retained for the purpose of assisting the parties or their counsel in this action, provided that such experts or consultants agree in writing to be bound by this Protective Order;

    d. Witnesses at deposition or trial, and their counsel, or persons who are reasonably likely to be called as witnesses, and their counsel, in this action;

    e. Court reporters involved in taking or transcribing testimony in this action;

    f. The Court; and

    g. Other persons only upon order of the Court or upon written agreement of the signatories hereto.

12. The designation of Covered Material as Highly Confidential Material for purposes of this Protective Order shall be made in the following manner:

    a. In the case of documents or other materials (apart from depositions): by affixing the legend "Highly Confidential" to each page containing any Highly Confidential Material, except that, in the case of Highly Confidential Material produced in electronic format, the "Highly Confidential" legend need only be affixed to the medium (*e.g.*, the disc) which contains the Highly Confidential Material; and

    b. In the case of depositions or other proceedings on the record, excluding trial: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof (in the interim all deposition transcripts and testimony should be treated as highly confidential); and in both of the foregoing

instances, by directing that the legend "Highly Confidential" be affixed to the first page of the original and all copies of the transcript containing any Highly Confidential Material.

13. Highly Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

    a. The following party representatives: Jack Kline and Richard Wallace (on behalf of Christie USA), Gerry Remers, George Pinho and Greg Shepherd (on behalf of Christie Canada) and Jack Slobod, Arie Tol, and Jeff Shimizu (on behalf of Philips);

    b. Outside counsel for any of the parties and any persons assisting such counsel in this action;

    c. Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Highly Confidential Material, or a person as to whom it has been reasonably established is an author or recipient of such information prior to the intended disclosure in this action;

    d. Experts or consultants retained for the purpose of assisting the parties or their counsel in this action, provided that such consultants or experts agree in writing to be bound by this Protective Order and are not presently and have no current plans to become employees of a party;

    e. Court reporters involved in taking or transcribing testimony in this action;

    f. The Court; and

    g. Other persons only upon order of the Court or upon the written agreement of the signatories hereto.

14. Every person given access to Confidential Material or Highly Confidential Material, or information contained therein, shall be advised that the material or information is being disclosed pursuant and subject to the terms of this

4

Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in paragraphs 11(c), 11(d), 13(c), 13(d) and 14 above, other than court personnel, who are given access to Confidential Material or Highly Confidential Material or information contained therein shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and dating a copy of Exhibit A. Such signed agreements shall be served on the relevant Producing Party at least ten (10) business days before any expert, consultant or other person listed in paragraphs 11(c) and 13(c) is given access to Confidential Material or Highly Confidential Material or information. Within ten (10) business days after such notification, counsel for the party that produced the Confidential Material or Highly Confidential Material may seek to prevent such persons from gaining access to the Confidential Material or Highly Confidential Material in accordance with Local Rule 37. If the parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. If such request to the Court is made, then such persons shall not be allowed access to the Confidential Material or Highly Confidential Material until the Court rules. If no such request to the Court is made, then such persons may have access to the Confidential Material or Highly Confidential Material under the terms of this Protective Order.

15.     Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys from:

(a)     showing a document designated as Confidential Material or Highly Confidential Material to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document; or

(b) disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Confidential Material or Highly Confidential Material; or

(c) disclosing or using, in any lawful manner or for any lawful purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as Confidential Material or Highly Confidential Material. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Material or Highly Confidential Material consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

16. If any person who has obtained Confidential Material or Highly Confidential Material under the terms of this Protective Order is served with a subpoena commanding the production of any Confidential Material or Highly Confidential Material, such person shall promptly notify counsel for the party that produced the Confidential Material or Highly Confidential Material and shall not produce any Confidential Material or Highly Confidential Material in response to the subpoena before such notification and for ten (10) business days thereafter. Within ten (10) business days after such notification, counsel for the party that produced the Confidential Material or Highly Confidential Material may seek to prevent production of the Confidential Material or Highly Confidential Material in accordance with Local Rule 37. If the parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. If such request to the Court is made, then

1  the Confidential Material or Highly Confidential Material shall not be produced until
2  the Court rules.  If no such request to the Court is made, then the Confidential
3  Material or Highly Confidential Material may be produced.
4       17.   Entering into, agreeing to and/or producing or receiving Confidential
5  Material or Highly Confidential Material or otherwise complying with the terms of
6  this Protective Order shall not prejudice in any way the rights of any party to object to
7  the production of any material it considers not subject to discovery or to challenge any
8  objection asserted by any other party.
9       18.   In the event additional parties join or are joined in this action, they shall
10 not have access to Confidential Material or Highly Confidential Material until the
11 newly joined party by its counsel has stipulated to the terms of this Protective Order.
12      19.   If any person files with or submits to the Court any (a) documents,
13 answers, transcripts or things designated as Confidential Material or Highly
14 Confidential Material pursuant to this Protective Order or information derived
15 therefrom or (b) any affidavits, memoranda, exhibits or other papers containing or
16 making reference to any such Confidential Material or Highly Confidential Material
17 or any information contained therein, then such materials or portions thereof that
18 contain Confidential Material or Highly Confidential Material or information shall be
19 sealed in separate envelopes with a copy of the title page of this action having the
20 statement "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED
21 _____" attached to the front of each envelope, and filed or submitted in
22 accordance with Local Rule 79-5.1, which provides:  "Except when authorized by
23 statute or federal rule, no case or document shall be filed under seal without prior
24 approval by the Court.  Where approval is required, a written application and a
25 proposed order shall be presented to the judge along with the document submitted for
26 filing under seal.  The proposed order shall address both the sealing of the application
27 and order itself, if appropriate.  The original and judge's copy of the document shall
28 be sealed in separate envelopes with a copy of the title page attached to the front of

1  each envelope.  Conformed copies need not be placed in sealed envelopes.  Where
2  under-seal filings are authorized by statute or rule, the authority therefor shall appear
3  on the title page of the proposed filing."  No sealed or confidential record of the Court
4  maintained by the Clerk shall be disclosed except upon written order of the Court.  An
5  application for disclosure of sealed or confidential court records shall be made to the
6  Court in writing and filed by the person seeking disclosure.  The application shall set
7  forth with particularity the need for specific information in such records.

      20.   Within forty-five (45) days after the final resolution of this action, with the exclusion of the Court and any court personnel, all other persons having received Confidential Material or Highly Confidential Material shall return such material and all copies thereof to counsel for the party that produced it or shall certify to such counsel that such material has been destroyed.  Outside counsel for the parties shall be entitled to retain court papers, deposition and hearing transcripts, and attorney work-product containing Confidential Material or Highly Confidential Material, provided that such outside counsel and their employees shall not disclose such papers or attorney work-product to any person except pursuant to court order or agreement with the party that produced the Confidential Material or Highly Confidential Material.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

      21.   Anyone to whom Confidential Material or Highly Confidential Material is produced or disclosed may object to the "Confidential" or "Highly Confidential" designation within a reasonable time after the facts on which the objection is based are known.  The objection (the "Notice") shall be made in writing to counsel for the party that produced the Confidential Material or Highly Confidential Material.  The Notice shall have attached a copy of such designated material or shall identify each document by production number and shall (i) state that the receiving party objects to the designation, and (ii) set forth the particular reasons for such objection.  All materials whose designation is objected to shall continue to be treated as Confidential Material

or Highly Confidential Material before service of the Notice and for ten (10) business days thereafter. Within ten (10) business days after service of the Notice, counsel for the party that produced the Confidential Material or Highly Confidential Material may seek to enforce the "Confidential" or "Highly Confidential" designation in accordance with Local Rule 37. If the parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. If such request to the Court is made, then the "Confidential" or "Highly Confidential" designation shall apply until the Court rules. If no such request to the Court is made, then the "Confidential" or "Highly Confidential" designation shall be removed.

22. All materials whose designation is objected to shall continue to be treated as Confidential Material or Highly Confidential Material while such request to the Court is pending.

23. Failure to designate Covered Material as Confidential Material or Highly Confidential Material at the time of production shall not waive a party's right to add a "Confidential" or "Highly Confidential" designation later. However, no party shall be deemed to have violated this Protective Order if, prior to any later designation, Covered Material has been disclosed or used in a manner inconsistent with such later designation. Once a "Confidential" or "Highly Confidential" designation is made, the Covered Material shall be treated, respectively, as Confidential Material or Highly Confidential Material.

24. In the event that the case proceeds to trial, all of the information that was designated as Confidential or Highly Confidential, and/or was kept or maintained pursuant to the terms of the Protective Order, becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

|   |   |
|---|---|
| 1 | 25.    This Protective Order has no effect upon, and shall not apply to, any |
| 2 | party's use of its own Confidential Material or Highly Confidential Material for |
| 3 | any purpose. |
| 4 | 26.    The inadvertent production of any privileged or otherwise protected |
| 5 | information shall not be deemed a waiver or impairment of any claim of privilege or |
| 6 | protection, including but not limited to the attorney-client privilege or work-product |
| 7 | doctrine.  Federal Rule of Evidence 502 and Federal Rule of Civil Procedure |
| 8 | 26(b)(5)(B) shall apply.  If, through inadvertence, a producing party provides any |
| 9 | information pursuant to this litigation that is subject to a claim of privilege based on |
| 10 | attorney-client privilege or any other applicable privilege or constitutes material |
| 11 | protected as attorney work product, the producing party shall inform all receiving |
| 12 | parties of the claim of privilege and the basis for the privilege as soon as reasonable |
| 13 | after discovery of the inadvertent production.  After being notified, the receiving party |
| 14 | must promptly return the specified information and any copies it has of the |
| 15 | information and must not use or disclose the information until the claim of privilege is |
| 16 | resolved.  If a receiving party disclosed the information before being notified of the |
| 17 | claim of privilege, the receiving party must provide the identities of all such persons |
| 18 | to whom such disclosure was made to the producing party and take reasonable steps to |
| 19 | retrieve the information. |
| 20 | 27.    This Protective Order may be modified by further written agreement |
| 21 | or, failing such agreement, by order of the Court, which shall be binding on all |
| 22 | others bound by the terms of this Protective Order. |
| 23 | 28.    This Stipulation shall be construed, interpreted, and governed in |
| 24 | accordance with the laws of the State of California. |

1     29. This Stipulation shall become binding immediately upon its execution without regard to whether or when it becomes an order of the Court.

Dated: 9/10/2009

/s/
_____
Andrew J. Wistrich,
U.S. Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTIE DIGITAL SYSTEMS USA, INC.; and CHRISTIE DIGITAL SYSTEMS CANADA, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. PHILIPS CORPORATION and DOES 1-10,<br><br>  Defendants. | **CASE NO.: CV09-1097 GAF (AJWx)**<br><br>**[HON. GARY A. FEESS]**<br><br>**UNDERTAKING OF STIPULATED PROTECTIVE ORDER** |
| U.S. PHILIPS CORPORATION,<br><br>  Counterclaimant,<br><br>  v.<br><br>CHRISTIE DIGITAL SYSTEMS USA, INC.; and CHRISTIE DIGITAL SYSTEMS CANADA, INC.,<br><br>  CounterclaimDefendants. | |

I hereby acknowledge that I have reviewed a copy of the Stipulated Protective Order, dated _____, 20__, and that I will comply with the terms of said Stipulated Protective Order in all respects.

Dated: _____           _____

12